IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA :
:
v. : Criminal Case No. DKC 13-08-6
:
BARRINGTON TURNER :
:

**MEMORANDUM OPINION**

Barrington Turner filed motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on the "extraordinary and compelling reasons" presented by his vulnerability to COVID-19. (ECF Nos. 244; 154)[1]. He is currently serving a 96-month sentence at FCI Gilmer as a result of his convictions for conspiracy to interfere with commerce by robbery and robbery.  Mr. Turner has been incarcerated since April 8, 2014.  His projected release date is March 12, 2021.  For the following reasons, the motion for compassionate release will be granted.

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c) (2018).  This general rule is subject to certain exceptions, including the compassionate release provision, which allows the BOP to seek a modification of a prisoner's sentence.  *See id*. § 3582(c)(1)(A).

---

[1] The initial motion was filed pro se.  The motion to seal attachments (ECF No. 255) is GRANTED.  The personal medical and other information should remain private, except as recited herein.

Under the First Step Act of 2018, the compassionate release provision was modified to allow prisoners to seek a sentencing reduction directly from the court. The provision now provides, in relevant part, that:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

>    and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Judge Hollander described the next step of the analysis:

>    Accordingly, in order to be entitled to relief under 18 U.S.C. § 3582(c)(1)(A)(i), a defendant must demonstrate that (1) "extraordinary and compelling reasons" warrant a reduction of the sentence; (2) the factors set forth in 18 U.S.C. § 3553(a) countenance a reduction; and (3) the sentence modification is "consistent" with the policy statement issued by the Sentencing Commission in U.S.S.G. § 1B1.13.
>
>    U.S.S.G. § 1B1.13 is titled "Reduction in Term of Imprisonment under 18 U.S.C. § 3582(c)(1)(A) Policy Statement." The text mirrors the statute. Application Note 1 of U.S.S.G. § 1B1.13 defines "Extraordinary and Compelling Reasons" in part as follows (emphasis added):
>
>>    1. Extraordinary and Compelling Reasons. Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
>>
>>    (A) Medical Condition of the Defendant.—
>>
>>    (i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>
>>    (ii) The defendant is—
>>
>>    **(I) suffering from a serious physical or medical condition**,
>>
>>    (II) suffering from a serious functional or cognitive impairment, or

>> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that **substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility** and from which he or she is not expected to recover.

Other extraordinary and compelling reasons include the age of the defendant (Application Note 1(B)) and Family Circumstances (Application Note 1(C)). Application Note 1(D) permits the court to reduce a sentence where, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 App. Note 1(D).

The BOP regulation appears at Program Statement 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 2582 and 4205. The Guideline policy statement in U.S.S.G. § 1B1.13, along with the application notes, and BOP Program Statement 5050.50 define "extraordinary and compelling reasons" for compassionate release based on circumstances involving illness, declining health, age, exceptional family circumstances, as well as "other reasons."

On March 26, 2020, Attorney General William Barr issued a memorandum to Michael Carvajal, Director of the BOP, directing him to prioritize the use of home confinement for inmates at risk of complications from COVID-19. *See Hallinan v. Scarantino*, 20-HC-2088-FL, 2020 WL 3105094, at *8 (E.D.N.C. June 11, 2020). Then, on March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), Pub. L. No. 116-136, 134 Stat. 281. In relevant part, the CARES Act authorized the Director of BOP to extend the permissible length of home confinement, subject to a finding of an emergency by the Attorney General. *See* Pub. L. No. 116-136, § 12003(b)(2). The Attorney General issued a second memorandum to Carvajal on April 3, 2020, finding "the requisite emergency . . . ." *Hallinan*, 2020 WL 3105094, at *9. Notably, the April 3

4

>   memorandum "had the effect of expanding the [BOP's] authority to grant home confinement to any inmate...." *Id.*
>
>   The Department of Justice ("DOJ") has recognized the unique risks posed to inmates and BOP employees from COVID-19. The DOJ recently adopted the position that an inmate who presents with one of the risk factors identified by the CDC should be considered as having an "extraordinary and compelling reason" warranting a sentence reduction. *See also* U.S.S.G. § 1B1.13 cmt. n.1(A)(ii)(I).

*United States v. Kess*, No. 14-cr-480-ELH, 2020 WL 3268093, at *3–4 (D.Md. June 17, 2020) (footnote omitted).

Mr. Turner argues that he meets the "extraordinary and compelling reasons" because his underlying medical conditions (asthma and type 2 diabetes) make him especially vulnerable to COVID-19. He asserts that he does not pose a danger to the community, and the § 3553(a) factors warrant release. He notes that he was supposed to be released to a halfway house in June of this year, but he has remained incarcerated because the halfway house closed. The Government reports that although he technically is eligible for home confinement, BOP regulations and the fact that his underlying offense is a crime of violence preclude eligibility for early home confinement. Mr. Turner has completed coursework while incarcerated, and has worked as a cook, developing new skills. He has family and community support, and proposes to live with his fiancée in the District of Columbia upon release and may be able to find work with her brother. The United States

5

Probation Office has begun the evaluation process for his release plan.

The Government does not oppose release and defers to the court.

Considering all of the circumstances, it is appropriate to grant the relief requested.  Mr. Turner has served nearly his entire sentence and is deserving of a step down from incarceration as he completes his sentence.

Accordingly, the motion for compassionate release will be GRANTED.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
